UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AEYE, INC.<br>f/k/a CF FINANCE ACQUISITION CORP. III,<br><br>              Plaintiff,<br><br>   v.<br><br>ALL BLUE FALCONS FZE,<br><br>              Defendant. | Case No. 1:22 Civ. 04964 (RA) (VF) |
| ALL BLUE FALCONS FZE,<br><br>              Counterclaim-Plaintiff,<br><br>   v.<br><br>AEYE, INC.<br>f/k/a CF FINANCE ACQUISITION CORP. III,<br><br>               Counterclaim-Defendant. | |

**[PROPOSED] STIPULATED ORDER REGARDING THE DISCLOSURE OF PRIVILEGED INFORMATION**

Plaintiff and Counterclaim-Defendant AEye, Inc., and Defendant and Counterclaim-Plaintiff All Blue Falcons FZE (together, the "parties"), by and through their respective counsel, have jointly stipulated to the terms of Stipulated Order Governing the Disclosure of Privileged Information, and with the Court being fully advised as to the same, it is hereby ORDERED:

    I.      APPLICABILITY

        1.      This Order shall be applicable to and govern all deposition transcripts and/or videotapes, and documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, affidavits, declarations and all other

information or material produced, made available for inspection, or otherwise submitted by any of the parties in this litigation as well as testimony adduced at trial or during any hearing (collectively, "Litigation Information").

    II.    LITIGATION INFORMATION CONTAINING POTENTIALLY PRIVILEGED INFORMATION

1. The production of any privileged or otherwise protected or exempted Litigation Information, as well as the production of Litigation Information without an appropriate designation of confidentiality, shall not be deemed a waiver or impairment of any claim of privilege or protection, including, but not limited to, the attorney-client privilege, the protection afforded to work- product materials, or the subject matter thereof, or the confidential nature of any such Litigation Information, as to the produced Litigation Information, or any other Litigation Information.

2. The production of privileged or work-product protected Litigation Information, including in the form of electronically stored information ("ESI"), whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

3. Upon discovery that Litigation Information containing privileged and/or work-product material has been produced, the producing party must notify the receiving party promptly, in writing. Upon receiving written notice from the producing party that Litigation Information containing privileged and/or work-product material has been produced, the receiving party shall return all such Litigation Information (including such information in electronic format), **and all copies thereof**, to the producing party, or destroy such Litigation Materials (with time and method

2

of destruction to be certified in writing), within ten (10) business days of receipt of such notice; the receiving party shall not use such information for any purpose, except as provided in paragraph 5, until further Order of the Court.

4. If the receiving party contests any privilege or work-product designation by the producing party, the receiving party shall give the producing party written notice of the reason for said disagreement. However, the receiving party may not challenge the privilege or immunity claim by arguing that the disclosure itself is a waiver of any applicable privilege. In that instance, the receiving party shall, within fifteen (15) business days from the initial notice by the producing party, seek an Order from the Court compelling the production of the material.

5. The receiving party shall also make good faith efforts to locate any analyses, memoranda or notes which were internally generated based upon such produced Litigation Information containing privileged and/or work-product material and shall immediately place any hard copies of such analyses, memoranda or notes in sealed envelopes and any electronically stored copies of such analyses, memoranda or notes in segregated electronic folders, and shall destroy them in the event that (a) the receiving party does not contest that the Litigation Information is privileged, or (b) the Court rules that the Litigation Information is privileged. Such analyses, memoranda or notes may only be removed from the sealed envelopes or segregated electronic folders (as the case may be) and returned to their intended purposes in the event that (a) the producing party agrees in writing that the Information is not privileged, or (b) the Court rules that the Information is not privileged.

6. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or Information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected Information before production.

STIPULATED AND AGREED TO ON JANUARY 31, 2023

| ATTORNEYS FOR PLAINTIFF: | ATTORNEYS FOR DEFENDANT: |
|---|---|
| SHER TREMONTE LLP | OLSHAN FROME WOLOSKY LLP |
| By: /s/ Erica A. Wolff<br>Erica Wolff<br>Kimo S. Peluso<br>Cathy Liu | By: /s/ Jeremy M. King<br>Jeremy M. King<br>Jacqueline Y. Ma |
| 90 Broad Street, 23rd Floor<br>New York, New York 10004<br>Tel: (212) 202-2600<br>Email: ewolff@shertremonte.com | 1325 Avenue of the Americas LLP<br>New York, New York 10019<br>Tel: (212) 451-2217<br>Email: jking@olshanlaw.com |

Dated: New York, New York

February 2, 2023

SO ORDERED

_____
**VALERIE FIGUEREDO**
**United States Magistrate Judge**