UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AEYE, INC. f/k/a/ CF FINANCE ACQUISITION CORP. III,<br><br>Plaintiff,<br><br>v.<br><br>ALL BLUE FALCONS FZE,<br><br>Defendant. | 22-CV-4964 (RA)<br><br>ORDER ADOPTING REPORT & RECOMMENDATION |

RONNIE ABRAMS, United States District Judge:

Plaintiff AEye, Inc. ("AEye") commenced this action against Defendant All Blue Falcons FZE ("Falcons"), asserting a claim for breach of contract arising from Falcons' failure to pay $5,000,000 for shares of AEye's Class A common stock pursuant to a subscription agreement. Dkt. No. 1 (Compl.). Now pending before the Court is AEye's renewed motion for default judgment against Falcons, to strike Falcons' answer and affirmative defenses, and to dismiss its counterclaims. Dkt. No. 106. In a Report & Recommendation issued on July 13, 2026 (the "Report"), Magistrate Judge Figueredo recommended that the motion be granted in full. Dkt. No. 127 (Report) at 32. She further recommended that AEye be awarded $5,000,000 in damages, pre-judgment interest at a rate of 9% per annum from August 14, 2021, and $26,944.13 in attorney's fees. *Id.*

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "Within fourteen days after being served with a copy [of a report and recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." *Id.*; *see also* Fed. R. Civ. P. 72(b). Where no timely objection has been made to a magistrate judge's report and recommendation, "a district court need only satisfy itself that there is no clear error on the face of the record." *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). "Furthermore, if[,] as

here[,] . . . the magistrate judge's report states that failure to object will preclude appellate review and no objection is made within the allotted time, then the failure to object generally operates as a waiver of the right to appellate review." *Hamilton v. Mount Sinai Hosp.*, 331 F. App'x 874, 875 (2d Cir. 2009).

Neither party objected to the Report. The Court thus reviews the Report for clear error and, finding none, adopts it in its entirety. As recounted in the Report, Falcons has failed to defend this action. Report at 17–18. After Falcons' counsel withdrew in June 2023, Falcons failed to retain new counsel as directed by Judge Figueredo, despite a warning that failure to do so would mean AEye would be granted leave to obtain a Certificate of Default. *Id.* at 6. A Certificate of Default was then entered on September 5, 2023. *Id.* at 18. Falcons later reappeared and moved to vacate the Certificate of Default, which Judge Figueredo granted on the condition that Falcons post a $500,000 bond. *Id.* On March 28, 2025, however, Falcons informed the Court that it was unable to post the bond, that it had no bank accounts or employees, and that it had commenced liquidation proceedings. *Id.* It has not participated in this action since. *Id.* The Certificate of Default was thereafter reinstated, and AEye renewed its motion for default judgment. *Id.* at 6. On June 1, 2026, after Judge Figueredo scheduled a conference to discuss AEye's damages inquest submission, Falcons' counsel, Sichenzia Ross Ference Carmel LLP ("SFRC"), filed notice that Falcons' sole shareholder informed it that it no longer had authority to act on behalf of the company. *Id.* at 7 n.2. SFRC attorneys Marc Ross and Andrew Zinman, Falcons' counsel of record, then filed a motion to withdraw, which Judge Figueredo granted on June 8, 2026. *Id.* at 7; Dkt. No. 122 (SFRC Notice of Withdrawal).

In the Report, Judge Figueredo concluded that the well-pleaded allegations in the complaint, accepted as true in light of Falcons' default, establish each element of a breach-of-contract claim under New York law. *Id.* at 14–16. She further concluded that Falcons' repeated failure to comply with the Court's orders and otherwise defend this action warrants striking its answer and affirmative defenses and dismissing its counterclaims, as no lesser sanction would be effective. *Id.* at 16–19. As to

damages, Judge Figueredo determined that money damages of $5,000,000—rather than the specific performance of compelled purchase of $5,000,000 shares under the subscription agreement—would place AEye in the same economic position it would have been in had Falcons performed its obligation under the parties' agreement. *Id.* at 19–23. She also found that AEye is entitled to pre-judgment interest at the statutory rate of 9% per annum from August 14, 2021, *id.* at 23–24, and that, after a 50% reduction of the excessive hours billed by AEye's counsel, AEye is entitled to $26,944.13 in attorney's fees. *Id.* at 24–32.

**CONCLUSION**

As noted above, given that no objections to the Report were timely filed, the Court has reviewed Judge Figueredo's Report for clear error. After careful review of the Report and the record, the Court finds no error—clear or otherwise—and adopts the thorough and well-reasoned Report in its entirety. Falcons' Answer and Affirmative Defenses are stricken, its counterclaims are dismissed, and AEye's motion for default judgment is granted. No later than August 31, 2026, AEye shall submit a proposed judgment in accordance with the Report and this order. The Clerk of Court is respectfully directed to terminate the motions pending at Docket Numbers 26 and 106.

SO ORDERED.

Dated: August 5, 2026
New York, New York

Ronnie Abrams
United States District Judge